# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF COLORADO

Case No. 08-cv-02107- PAB -MJW

JOHN DAVIS,

    Plaintiff,

v.

CITY OF AURORA, a Home Rule Municipality
    by and through its governing body the CITY COUNCIL;
DANIEL J. OATES, individually, and in his
    official capacity as Chief of Police;
ED TAUER, individually and in his official capacity as Mayor;
DANIEL BYRD, individually;
ERIC BUGGE, individually;
JEREMY SEXTON, individually;
GENNIFER WOLF, individually;
JILL BILL, individually;
MICHAEL WOODYARD, individually; and
DONALD AINSWORTH,

    Defendants.

---

## STIPULATED PROTECTIVE ORDER (Docket No 48-2)

---

Pursuant to the parties' Motion for Protective Order the Court finds that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure the Motion for Entry of A Protective Order is meritorious and acceptable and that good cause exists to support the entry of a protective order to protect the discovery and dissemination of confidential information, highly personal information or information which could annoy, embarrass, or oppress any party, witness, or person.

The Court finds that this Protective Order will expedite disclosure of information and production of documents protected by privilege or statute, preserve the confidentiality of such

information, protect privacy interests of parties and non-parties, and help to avoid potential discovery disputes relating to information that is designated confidential. The Court hereby Orders as follows:

1. This Protective Order shall apply to all documents, materials, evidence, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. This Protective Order shall apply to all documents, files or portions of files, materials, information and electronic records, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "Confidential" pursuant to the terms of this Protective Order.

3. "Confidential Information," includes "Protected Health Information," and means any document, record, files or portions of files, material, electronically stored information, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided below in this order as containing Confidential Information.

4. "Confidential Information" is also information that is confidential and implicates common law and statutory privacy interests of the Plaintiffs and the Defendants in this matter, including current and former employees of Aurora Police Department and the City of Aurora.

*See, e.g.*; COLO. REV. STAT. 13-90-107(1)(d) (physician-patient privilege); *Alcon v. Spicer*, 113 P.3d 735 (Colo. 2005); *Weil v. Dillon Co., Inc.*, 109 P.3d 127 (Colo. 2005); COLO. REV. STAT. § 24-72-204(3)(a)(II)(A) (concerning disclosure of personnel records); *Everitt v. Brezzel*, 750 F.Supp. 1063 (D.Colo. 1990); *Martinelli v. District Court in and for the City and County of Denver*, 612 P.2d 1083 (Colo. 1980). "Confidential Information" includes, but is not limited to:

      a.     Medical records and/or "Protected Health Information";

      b.     the Parties and/or their representatives' personnel files;

      c.     peer review and quality assurance documents;

      d.     internal affairs investigation files;

5.     "Protected Health Information" includes, but is not limited to, a patient's name, address, birth date, admission date, discharge date, date of death, telephone number, fax numer, e-mail address, social security number, medical records number, insurance plan information and insurance account number.

6.     A party who provides, serves, discloses or files any nonpublic documents or information in connection with this civil action, and who in good faith believes such documents or information contains nonpublic personal, financial, business, tax, personnel, employment, private, medical, mental health, probation, law enforcement, or other information implicating privacy interests or proprietary interests of either the Plaintiff or any Defendant or any third parties may designate such documents or information in good faith as "Confidential." The documents or information so designated shall be deemed "Confidential Material" subject to this Protective Order.

7.     Responses to discovery requests are designated as CONFIDENTIAL by

imprinting the word "CONFIDENTIAL" next to or above the response.

8. Confidential document and material shall be subject to the following restrictions. Confidential Material shall be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and not for any other purpose whatsoever, and shall not, without the consent of the party producing it or further Order of the Court, be disclosed in any way to anyone except as specified in this paragraph:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or other proceedings in this case;

    (c) the parties and representatives of the parties;

    (d) expert witnesses and consultants retained in connection with this proceeding, but only to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

    (e) the Court and its employees ("Court Personnel");

    (f) stenographic reporters and videographers who are engaged in proceedings necessarily incident to the conduct of this action;

    (g) deponents who execute the attached Exhibit A;

    (h) other persons by prior written agreement of the parties who execute the attached Exhibit A;

    (i) Any insurance company representative who has responsibility for a claim related to this lawsuit; and

(j) Any other person or entity to whom disclosure is required by law, but only upon advance notice of the intent to disclose.

9. Prior to disclosing any Confidential Material to any person listed in paragraph 4 above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters, and videographers), counsel shall provide such person with a copy of the Protective Order and have such person execute a copy of Exhibit A acknowledging that he or she has read this Protective Order and agreed to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

10. The Party's counsel who discloses CONFIDENTIAL Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such CONFIDENTIAL Information is disclosed and shall maintain a list of all persons to whom any CONFIDENTIAL Information is disclosed.

11. This Protective Order shall not prohibit or restrain any party from performing the tasks necessary to prepare for trial; however, any redisclosure or communication of the information covered by this Protective Order, except as specifically allowed by this Protective Order for the purposes of this litigation only, is strictly prohibited. The confidentiality requirement of this Order does apply to exhibits, material and testimony that will be introduced at the trial itself and if protection is requested at trial for any such material, a separate motion must be filed. The object of this Protective Order is that none of the information revealed in connection with such protections be used for any purpose other than in relation to this litigation and that no one be allowed to use any information produced pursuant to this Protective Order for

their own purposes or in connection with any other issue, dispute, litigation or charge against any of the parties whether currently pending or contemplated in the future and that highly sensitive information not be accessible to the public until such time as the matter is tried.

12. No reproduction of information or documents disclosed in reliance on this Protective Order is authorized, except to the extent copies are required to prepare the case for trial. All copies, excerpts, or summaries made, shown, or given to those authorized hereby and according to the provisions hereof shall be stamped to indicate the protected and confidential nature of the disclosed information. Review of Confidential Material by counsel, experts, or consultants for the litigation will not constitute any waiver of the confidentiality of the document or any objections to production. The inadvertent, unintentional, or *in camera* disclosure of Confidential Material shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

13. Counsel to the parties are required to advise, instruct and supervise all associates, staff and employees of counsel to keep designated Confidential Material confidential in the strictest possible fashion. Counsel and the Parties also agree to such treatment of the information and documents by themselves, and counsel will appropriately instruct their clients as to the protected nature of the information produced pursuant to this Protective Order and the limitations on its use and disclosure. Individuals authorized to review CONFIDENTIAL Information pursuant to this Protective Order including, but not limited to, the Parties to this action and their undersigned counsel, shall hold CONFIDENTIAL Information in confidence and shall not divulge the CONFIDENTIAL Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

CONFIDENTIAL Information shall not be disclosed, revealed, leaked to the media (inadvertently or otherwise), or used for any purpose except the preparation and trial of this case. CONFIDENTIAL Information shall not be communicated by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone, except for purposes of this case, and unless such person is directly associated with prosecuting or defending this case and has signed an affidavit in the form of Exhibit A. These restrictions shall be strictly construed.

14. Documents are designated as Confidential Material by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Documents already disclosed in initial disclosures, supplemental disclosures, or in responses to written discovery, may be stamped or designated in writing as CONFIDENTIAL by one party after full disclosure has been given to all non-designating counsel that such designation will take place. Records secured by any party pursuant to a release of information shall be designated as confidential by indicating on the release that the materials are deemed Confidential.

15. Whenever a deposition involves the disclosure of Confidential Material, the deposition or portions thereof shall be designated as Confidential and subject to this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. The cover page and those portions of the original transcripts that contain Confidential Material shall bear the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and shall be bound separately

from the non-confidential portions of the transcript. Any deposition exhibits designated Confidential shall also be bound separately.

16. A party may object to the designation of particular documents or information as Confidential by giving written notice to the party designating the disputed documents or information. The written notice shall identify the information to which objection is made. The parties will make a good faith effort to resolve the objection. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Material to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed within the ten (10) business days required above, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with any motion filed under this provision, the party designating the information as Confidential Material shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

17. After the conclusion of this case, including any appeals, unless other arrangements are agreed upon, each document and all copies thereof designated as Confidential Material shall be returned to the party that designated the material as Confidential, or the parties may elect to destroy Confidential documents. Where the parties agree to destroy Confidential documents, the destroying party shall provide all parties with an affidavit within thirty (30) days

of the conclusion of the case confirming the destruction. Counsel may retain a single set of Confidential Records according to the terms and conditions of the within order for a period of no more than three years from the conclusion of the litigation at which time the Confidential Records shall either be returned or destroyed.

18. Confidential documents shall only be filed with the clerk when required in connection with motions under Federal Rules of Civil Procedure 12 or 56, motions to determine confidentiality under the terms of this Protective Order, motions related to discovery disputes if the Confidential documents are relevant to the motion, and other motions or pleadings where the confidential documents provide support for the position taken by a party and only in compliance with D.C.COLO.LCiv.R.7.2 and shall seek an Order allowing that the document be filed under seal. A party contemplating filing Confidential Material protected by this Protective Order to the Court must file a motion pursuant to the local rule seeking an Order that the document be filed under seal and attempt to secure an order of the Court to file under seal.

19. This protective Order shall not be interpreted to apply to any documents or evidence used in trial, either as exhibits or for any other purpose. Should any party seek confidentiality protection for any documents or evidence used in trial a separate and independent motion must be filed before trial relating specifically to the protection sought.

20. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

21. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that the party or other person believes to be improper. Nothing in this Protective Order shall prejudice the right of any party to

contest the alleged relevancy, admissibility or discoverability of documents or information sought, including any objection based on statutory privilege, statutory prohibition or common law privilege.

22. The provision of this Order shall not terminate at the conclusion of the litigation and shall continue forward unless modified by Court Order.

SO ORDERED this 11th day of March, 2009.

**BY THE COURT:**

_____
United States Magistrate Judge Michael J. Watanabe

**STIPULATED AND AGREED TO:**

FRANK & FINGER, P.C.                KISSINGER & FELLMAN, P.C.

*s/ William S. Finger*              *s/ Jonathan M. Abramson*
William S. Finger                   Richard P. Kissinger
Tamara J. Wayland                   Jonathan M. Abramson
P.O. Box 1477                       Ptarmigan Place, Suite 900
Evergreen, CO 80437-1477            3773 Cherry Creek North Drive
Telephone: (303) 674-6955           Denver, CO 80209
Facsimile: (303) 674-6684           Telephone: (303) 320-6100
E-mail: fandfpc@aol.com             Facsimile: (303) 327-8601
Twayland@frankandfinger.com         E-mail: rick@kandf.com
                                    jonathan@kandf.com

*Attorneys for Plaintiff*           *Attorneys for Oates (individual capacity)*
                                    *And Tauer (individual capacity)*

| AURORA CITY ATTORNEY | JOEL N. VARNELL & ASSOCIATES |
|---|---|
| *s/ Peter Morales* <br> Peter Morales <br> 15151 E. Alameda Parkway, Suite 5300 <br> Aurora, CO 80012 <br> Telephone: (303) 739-7030 <br> Facsimile: (303) 739-7042 <br> E-mail: Pmorales@auoragov.org <br><br> ***Attorney for City of Aurora, Bill, Bugge Byrd, Oates, Sexton, Tauer, Wolf and Woodyard (official capacity)*** | *s/ J. Gregory Morrell* <br> J. Gregory Morrell <br> 1801 Broadway, Suite 1500 <br> Denver, CO 80202-3878 <br> Telephone: (303) 298-1407 <br> Facsimile: (303) 297-8443 <br> E-mail: j.morrell@farmersinsurance.com <br><br> ***Attorney for Donald Ainsworth*** |
| ELKUS & SISSON, P.C. | BRUNO, COLIN, JEWELL & LOWE, P.C. |
| *s/ David R. Osborne* <br> David R. Osborne <br> 1660 Lincoln Street, Suite 1750 <br> Denver, CO 80264 <br> Telephone: (303) 567-7981 <br> Facsimile: (303) 832-1188 <br> E-mail: dosborne@elkusandsisson.com <br><br> ***Attorney for Eric Bugge (individual capacity)*** | *s/ Sarah E. McCutcheon* <br> Sarah E. Mccutcheon <br> 1560 Broadway, Suite 1099 <br> Denver, CO 80204 <br> Telephone: (303) 831-1099 <br> Facsimile: (303) 831-1088 <br> E-mail: Smccutcheon@bcjlpc.com <br><br> ***Attorney for Byrd, Sexton, Wolf and Woodyard (individual capacity)*** |